**SHULTZ TIMBER, Appellant–Defendant,**

v.

**Harold MORRISON, Appellee–Plaintiff.**

No. 93A02–0012–EX–00839.

Court of Appeals of Indiana.

July 20, 2001.

Michael V. Gooch, Carmel, IN, Attorney for Appellant.

Jim Brugh, Logansport, IN, Attorney for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant, Schultz Timber (Schultz) appeals the award of the Work-

er's Compensation Board in favor of Plaintiff–Appellee Harold Morrison (Morrison).

We affirm.

Schultz presents three issues which we restate as:

1. Whether Morrison satisfied his burden of proof establishing his entitlement to total permanent disability payments.
2. Whether, even if Morrison established his burden of proof, Schultz successfully rebutted Morrison's proof such that Morrison's claim should be denied.
3. Whether the Worker's Compensation Board made sufficiently specific findings of fact.

On July 11, 1996, Morrison was working as a truck driver for Schultz. On that date, he was hauling a load of road material, and the load shifted, causing the truck to turn over. As a result of the accident, Morrison was knocked unconscious and suffered a broken clavicle, fractured ribs, and a punctured lung. Subsequently, he began to experience severe headaches that increased with any physical activity.

Morrison received 57 weeks of benefits from Schultz' worker's compensation carrier. Morrison then filed his application for total permanent disability payments. The single member hearing judge denied Morrison's claim, whereupon Morrison petitioned for a review by the full panel of the Worker's Compensation Board (Board). The full Board, by a vote of 4 to 3, reversed the decision of the single member hearing judge and granted Morrison's request for permanent and total disability. This appeal ensued.

■ Schultz faces a deferential standard of review in its attempt to challenge the Board's findings. Upon appeal from a finding of the Worker's Compensation Board, we are bound by the Board's findings of fact and may not disturb its determination unless the evidence is undisputed and leads undeniably to a contrary conclusion. *Steel Transport, Inc. v. Hyatt,* 740 N.E.2d 552, 555 (Ind.Ct.App.2000). It is the duty of the Board, as the trier of fact, to make findings that reveal its analysis of the evidence and are specific enough to permit intelligent review of its decision. *Id.* In evaluating a decision of the Board on appeal, we employ a two-tiered standard of review. First, we review the record to determine if there is any competent evidence of probative value to support the Board's findings. We then examine the findings to see if they are sufficient to support the decision. *Id.* We will not re-weigh the evidence or assess witness credibility. *Id.* We consider only the evidence most favorable to the award, including any and all reasonable inferences flowing therefrom. *Id.* Thus, to prevail in this appeal, Schultz is required to show that there is no probative evidence from which the Board might reasonably conclude as it did. Because the record contains competent evidence to support the Board's decision, Schultz's appeal must fail.

■ Schultz contends that Morrison failed to satisfy his burden of proof establishing his entitlement to total permanent disability payments. Specifically, Schultz claims that the testimony of Morrison's two treating physicians is insufficient to satisfy his burden of showing that he could not obtain or perform employment.

■ In a worker's compensation case such as this where the worker seeks total permanent disability benefits, the worker bears the burden of establishing that he or she cannot obtain or perform reasonable types of employment. *Walker v. State, Muscatatuck State Development Center,* 694 N.E.2d 258, 264–65 (Ind.1998). Schultz appears to argue that the only acceptable evidence to satisfy this burden is the testimony of a vocational expert.

Here, Schultz presented the testimony of a vocational expert who, based upon a functional capacity evaluation (FCE) that concluded that Morrison could work an 8–hour day of light or "light plus" duty, provided a list of numerous jobs that would be available to Morrison. Therefore, Schultz posits, Morrison can obtain reasonable employment.

■ Although vocational experts are utilized in many workmen's compensation cases, they are not a prerequisite to obtaining total permanent disability payments. In the present case, a review of the record reveals that two of Morrison's treating physicians testified that Morrison is completely disabled and unable to work due to the constant headache pain he suffers. The doctors explained that the FCE, upon which the vocational expert based her opinion, required Morrison to lift, turn, bend and reach in order to evaluate, among other things, the maximum weight Morrison could lift. The FCE report indicated that Morrison's pain was increased when he attempted to lift thirty to thirty-five pounds. Based upon this and other test results, the evaluator concluded that Morrison would be able to perform jobs in the light to "light plus" category. Morrison's doctors testified that the FCE is inaccurate because it fails to take into account Morrison's level of pain and his ability to function with that level of pain. Moreover, the doctors stated that Morrison's headaches are ever-present and unpredictable and can flare up with even the slightest activity or normal body movement. The testimony of both Morrison and his physicians indicates that Morrison is incapable of standing or walking for extended periods of time, is incapable of any repetitive motion of his arms and shoulders, is incapable of reading for any length of time, and is frequently required to take pain medication which impairs his cognitive functions. Based upon these characteristics, both doctors stated that Morrison cannot work.

Schultz's challenge to the Board's decision is merely an invitation to reweigh the evidence. We cannot accept this invitation, rather we must leave to the Board the task of resolving the conflicts in expert testimony as part of its larger duties of weighing the evidence and judging witness credibility. Thus, we conclude that the doctors' testimony was sufficient to satisfy Morrison's burden of proof that he could not perform reasonable types of employment.

■ Next, Schultz asserts that, although Morrison may have satisfied his burden of proof, Schultz successfully rebutted Morrison's claim such that it should be denied. For the proposition that there is a "shifted" burden of proof such that an employer can rebut the worker's claim with evidence of the worker's employability, Schultz cites *Walker*, 694 N.E.2d 258. In *Walker*, our supreme court discusses shifting the burden of proof to the employer and cites to Arthur Larson's work entitled *Larson's Workers' Compensation Law* (1997) and its discussion of the "odd-lot" category of employees.[1] In noting Mr. Larson's work, our supreme court did not expressly adopt the odd-lot doctrine, and we decline to do so today. However, even assuming that our state recognizes this

1. The odd-lot doctrine is defined as the: "[d]octrine which permits finding of total disability where claimant is not altogether incapacitated for any kind of work but is nevertheless so handicapped that he will not be able to obtain regular employment in any well-known branch of the competitive labor market absent superhuman efforts, sympathetic friends or employers, a business boom, or temporary good luck." BLACK'S LAW DICTIONARY 559 (5th ed.1983).

particular doctrine of worker's compensation law, it is not applicable in the instant case. Morrison did not argue to be considered in the odd-lot category of workers, and the Board did not find him to be an odd-lot worker. Therefore, Schultz's argument on this issue must fail.

■ Finally, Schultz challenges the Board's findings as insufficiently specific. Particularly, Schultz claims that the Board's findings are inadequate because the Board failed to provide a finding regarding Morrison's burden of proof and Schultz's "shifted" burden of proof as alleged by Schultz in our discussion above.

■ We note the Board has an obligation to enter specific findings of basic facts to support its finding of ultimate fact and conclusion of law. *Indiana Michigan Power Co. v. Roush,* 706 N.E.2d 1110, 1113 (Ind.Ct.App.1999), *reh'g denied, trans. denied,* 726 N.E.2d 309 (1999). The Board's findings must be stated with sufficient specificity upon contested issues so as to allow intelligent review by a reviewing court. *Id.*

In the present case, the Board did not find Morrison to be an odd-lot worker, as discussed above, and, therefore, neither applied nor made findings regarding the odd-lot doctrine and its shifted burden of production. Thus, the Board's findings are not inadequate for failing to include findings as to these issues. Moreover, we find the Board's Findings of Fact and Conclusions of Law adequate to support its award of total permanent disability benefits to Morrison.

Based upon the foregoing, we conclude that Morrison satisfied his burden of proof establishing his entitlement to total permanent disability benefits, that the odd-lot doctrine and its shifting burden of proof do not apply in this case such that Schultz did not rebut Morrison's proof, and that the Board's findings are sufficiently specific.

Affirmed.

MATTINGLY–MAY, J., and BAKER, J., concur.