Amy Sue MUELLER, as Surviving Spouse of Keith Michael Mueller, Appellant–Plaintiff,

v.

DAIMLERCHRYSLER MOTORS CORPORATION, TRANSMISSION PLANT, Appellee–Defendant.

No. 93A02–0510–EX–931.

Court of Appeals of Indiana.

Feb. 21, 2006.

Bruce N. Munson, Muncie, IN, Attorney for Appellant.

Diana L. Wann, McCray Lavallo Frank Klingler, Lebanon, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Plaintiff Amy Sue Mueller ("Amy"), as Surviving Spouse of Keith Michael Mueller ("Keith"), appeals from the denial by the Worker's Compensation Board of Indiana ("the Board") of her claim under the Worker's Compensation Act ("the Act"), alleging injuries arising out of and in the course of Keith's employment with Appellee–Defendant Daimler-Chrysler Corporation ("DaimlerChrysler"). We affirm.

### Issue

Amy presents a single issue for review: whether Keith's fatal injuries arose out of and in the course of his employment with DaimlerChrysler.

### Facts and Procedural History

On April 29, 2003, at approximately 10:30 p.m., Keith parked his vehicle at the Kokomo Mall in Kokomo, Indiana and was crossing Boulevard Street to report to work at DaimlerChrysler when a vehicle struck and killed him.

On May 16, 2003, Amy filed an Application for Adjustment of Claim with the Board. A single hearing member, Judge Linda Hamilton, heard the matter on May 18, 2004. On September 3, 2004, Judge Hamilton issued a decision awarding no benefits to Keith's dependants. In pertinent part, the hearing member concluded that Keith "did not die in the course and scope of his employment for the Defendant." (App. 4.)

On September 17, 2004, Amy filed an Application for Review by Full Board. On September 2, 2005, a majority of the Full Board found that the single hearing member's decision should be adopted. Amy now appeals.

### Discussion and Decision

 The Act provides compensation for employees who suffer "personal injury or death arising out of and in the course of the employment." Ind.Code § 22–3–2–2(a). In general, to arise "in the course" of employment, an injury must occur during work and on the employer's premises. *Global Const., Inc. v. March,* 813 N.E.2d 1163, 1166 (Ind.2004).

The Board concluded that Keith's fatal injury did not arise out of and in the course of his employment, based upon its findings:

1. The parking lot where the Plaintiff parked on April 29th, 2003 was owned and maintained by The Kokomo Mall.

2. In the mid 1990's, The Kokomo Mall had an agreement with Daimler-Chrysler that up to 50 employees of DaimlerChrysler could park in a specified area of the mall parking lot when they went to work. This arrangement was made to accommodate DaimlerChrysler employees while additional parking areas were developed on DaimlerChrysler's property.

3. Effective November 1st, 2001 DaimlerChrysler employees were no longer allowed to park in The Kokomo Mall, due to continuing complaints and disregard of the mall's rules for parking there. Kokomo Mall began enforcing this no parking policy by leaving letters on cars and ultimately having them towed from its lot.

4. The Plaintiff worked in the 9100 Department near Turnstiles 9 and 10 at Defendant's facility. Plaintiff's Exhibit 1 shows the department labeled as Department 91 is close to Parking Areas I, J & K; Section K being closest to Plaintiff's entrance into the factory.

5. Parking Section K has 125 spots, while Parking Areas I and J have 619 spots. More than 2000 parking spots are available at the opposite end of the plant. It was a five to seven minute walk from Plaintiff's work area to the door at the far end of the plant.

6. Defendant provides a total of 3,024 parking spaces for its hourly employees, all of which surround the factory and do not require employees to cross a public street. This is more than ample parking for the number of employees at the factory during any one shift.

7. Three hundred fifty to 400 workers worked third shift at the same end of the plant where Plaintiff worked. One hundred eighty six assembly employees worked in Department 91 per shift.

8. Although DaimlerChrysler employees, especially those on third shift, continued to park in The Kokomo Mall parking lot, they did so against the notices posted by the Defendant that such was no longer permitted, and against the recommendation of their union steward.

9. Notices were posted on the doors to the plant telling employees that parking at The Kokomo Mall was no longer permitted after the policy was changed in 2001. DaimlerChrysler posted, in conspicuous locations near the factory, notices that parking in The Kokomo Mall could lead to towing or other sanctions.

10. Kokomo Mall posted signs in the parking lot in the area near Discount Tire, where Plaintiff parked on April 29th, 2003, stating factory parking was not allowed there.

11. DaimlerChrysler employees parked at The Kokomo Mall, not only because of its close location to the entrance to Department 91, but also because they did not have to wait in line to exit the factory parking lot at the end of their shift.

12. The Defendant took appropriate action to discourage its employees from parking at The Kokomo Mall, however, they had no control over their employees prior to their clocking in at the plant.

13. Despite Plaintiff's awareness that parking at The Kokomo Mall was not allowed, on the evening of April 29th, 2003, he parked by the Discount Tire store in the mall and proceeded to cross Boulevard on foot heading to Defendant's factory, at which time he was struck and killed.

14. The Plaintiff did not die in the course and scope of his employment for the Defendant.

(App. 2–4.)

The claimant bears the burden of proving a right to compensation under the Worker's Compensation Act. *Milledge v. Oaks*, 784 N.E.2d 926, 929 (Ind.2003). An injury "arises out of" employment when a causal nexus exists between the injury sustained and the duties or services performed by the injured employee. *Id.* An accident occurs "in the course of employment" when it takes place within the period of employment, at a place where the employee may reasonably be, and while

the employee is fulfilling the duties of employment or while engaged in doing something that is incidental thereto. *Id.* Both requirements must be met before compensation is awarded, and the person seeking compensation bears the burden of proving both elements. *Id.*

Amy appeals a negative judgment and faces a deferential standard of review in challenging the Board's findings. Upon appeal from a finding of the Worker's Compensation Board, we are bound by the Board's findings of fact and may not disturb its determination unless the evidence is undisputed and leads undeniably to a contrary conclusion. *Shultz Timber v. Morrison,* 751 N.E.2d 834, 836 (Ind.Ct. App.2001), *trans. denied.* It is the duty of the Board, as the trier of fact, to make findings that reveal its analysis of the evidence and that are specific enough to permit intelligent review of its decision. *Id.* In evaluating a decision of the Board on appeal, we employ a two-tiered standard of review. First, we review the record to determine if there is any competent evidence of probative value to support the Board's findings. We then examine the findings to see if they are sufficient to support the decision. *Id.* We will not reweigh the evidence or assess witness credibility, but will consider only the evidence most favorable to the award, including any and all reasonable inferences flowing therefrom. *Id.* Thus, to the extent that her appeal turns upon the determination of factual issues, Amy is required to show that there is no probative evidence from which the Board might reasonably have concluded as it did. *Id.* Nevertheless, we will reverse a decision if the Board incorrectly interprets the Act. *Duvall v. ICI Americas, Inc.,* 621 N.E.2d 1122, 1124 (Ind.Ct.App.1993).

The evidence adduced at the hearing before the full Board disclosed that the number of DaimlerChrysler parking spaces was adequate to permit each third shift employee to have a parking space on the DaimlerChrysler premises. Nevertheless, a significant number of employees chose to park at the Kokomo Mall, despite the mall's tow-away warnings, apparently because this lessened the walk to a convenient factory entrance and also eliminated time spent waiting in line to exit the factory premises. Keith was prohibited from parking across the public roadway at the Kokomo Mall during his work shift, and he was not directed or encouraged to do so for the benefit of his employer. At the time he was struck, Keith was not performing the duties of his employment and was not in a place where he should reasonably be. Thus, there is evidence to support the Board's conclusion that Keith, who had not reported to work at DaimlerChrysler before the fatal accident, and was not on DaimlerChrysler property, did not suffer an injury arising from and in the course of his employment.

However, Amy argues that the mall parking lot should be considered "on the premises" of DaimlerChrysler. Appellant's Br. at 7. She directs our attention to a recent decision of a separate panel of this Court in *Clemans v. Wishard Memorial Hospital,* 727 N.E.2d 1084 (Ind.Ct. App.2000), *trans. denied.* Clemans was an employee of Wishard Hospital who left work and was en route to her vehicle parked in the West Lot of Wishard Hospital. As she crossed Wilson Street, a public roadway, Clemans was struck by a vehicle and injured. The Board denied Clemans's claim for compensation, and this Court reversed. *Id.* at 1085. In so doing, this Court recognized that the Act should be liberally construed to accomplish the purpose for which it was enacted, and that employment "necessarily includes a reasonable amount of time and space before and after ceasing actual employment." *Id.*

849

at 1086. Without more, accidents that occur during the period of travel to or from work are not recoverable under the Act. *Id.* However, courts have created a public policy exception to the rule to extend coverage of the Act to those accidents resulting from employees' ingress to or egress from their employer's operating premises or extensions thereof. *Id.* Recognizing that employer-controlled parking lots and private drives used by employees had been considered extensions of the employer's operating premises for purposes of the Act, the *Clemans* Court concluded as a matter of law that Clemans's injuries sustained during her egress from Wishard's operating premises arose out of and in the course of her employment, and were thus compensable under the Act. *Id.* at 1087.

Here, however, the facts are distinguishable from those in *Clemans.* In *Clemans,* the employee worked in the Regenstrief Building and parked in a Wishard lot, with a public street separating the two. She crossed the street each time she traveled between Wishard's parking lot and her assigned building, and was thereby subjected to an "incidental risk" of employment. *Id.* at 1088. It was within Wishard's contemplation that employees would cross Wilson Street, "as the most convenient and reasonable means of ingress to and egress from its operating premises." *Id.* Here, however, DaimlerChrysler provided parking for its employees adjacent to its plant, not intersected by any public street. Employees were not required to traverse any public street to park and report to work, thus incurring a risk incidental to their employment. Moreover, they were prohibited from parking at the mall, which necessitated crossing the street to report to work. DaimlerChrysler did not own or lease the mall premises and it exerted no control over them. DaimlerChrysler did not acquiesce in the employees' use of the premises, but rather noti-

fied the employees that mall parking was prohibited. These facts do not support an extension of the employer's operating premises.

Keith's fatal injuries did not arise out of and in the course of his employment with DaimlerChrysler. Accordingly, his dependants are not entitled to compensation under the Act.

Affirmed.

BAKER, J., and NAJAM, J., concur.