v.

**SECOND INJURY FUND, Appellee/Defendant.**

No. 93A02–1007–EX–792.

Court of Appeals of Indiana.

Jan. 31, 2011.

Randal M. Klezmer, Klezmer Maudlin, P.C., Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant/Plaintiff R.M. appeals from a June 24, 2010 order of the Full Worker's Compensation Board (the "Board"), in which the Board determined that R.M. is entitled to receive benefits from the Second Injury Fund beginning with the 501st week after the date of R.M.'s workplace

injury. Specifically, R.M. claims that the Board's determination is erroneous because he should have been considered eligible to receive benefits from the Second Injury Fund beginning with the 265th week after the date of his workplace injury. We reverse.

## FACTS AND PROCEDURAL HISTORY

The Indiana Supreme Court's opinion in R.M.'s prior appeal instructs us as to the underlying facts leading to this appeal:

In November 1999, [R.M.] was injured in a workplace accident arising out of and in the course of his employment with [Employer] when his arms were pulled into a conveyor belt he was cleaning. [R.M.] instituted a third party lawsuit against Federal Express Corporation and two other defendants (collectively "Fed Ex") that [R.M.] believed were liable for his injuries. This lawsuit resulted in a confidential settlement.

[R.M.] and [Employer] thereafter submitted to the [Board] a document titled "Agreed Statement of Facts," which reflected that [R.M.] and Fed Ex settled the third party case for an undisclosed amount of money and that as a condition of the settlement [Employer] would continue paying [R.M.] all statutory worker's compensation benefits. A member of the Board issued a signed document stating that "[t]he foregoing Agreed Statement of Facts is HEREBY APPROVED and made a part of the record."

[Employer's] worker's compensation insurance carrier, Reliance Insurance Company, furnished [R.M.] with medical and temporary total disability benefits until Reliance became insolvent. Following Reliance's bankruptcy, the Indiana Guaranty Fund provided [R.M.] with medical and temporary total disability benefits until it reached the maximum $100,000 in benefits payable by the Indiana Guaranty Fund. [Employer] then began providing [R.M.] with medical and temporary total disability benefits until October 2004 when [Employer] filed bankruptcy.

In November 2004, [R.M.] filed a petition for entry into the Second Injury Fund, and in April 2006, he filed a submission in support of his petition. A single hearing member issued a decision denying [R.M.'s] claim, stating that

although [R.M.] is deemed to be permanently and totally disabled and has exhausted his maximum benefit under I.C. 22–3–3–13(g),[1] he is still barred from entry into the Second Injury Fund because of his acceptance of a third party settlement with Federal Express Corporation in 2000. This settlement ... would have alleviated [Employer] from paying any further compensation and therefore alleviates the Second Injury Fund. The fact that [Employer] voluntarily agreed to continue paying [R.M.] is outside the purview of the Indiana Worker's Compensation Act.

[R.M.] then applied for review by the full board. After a hearing, the full board approved the single hearing member's decision by a vote of 4–3. The Court of Appeals affirmed the board, holding that the Second Injury Fund is not available to compensate an employee where an employee previously settled his claim with a third party, that employees maintain the burden of proof to

---

1. Indiana Code section 22–3–3–13(g) has subsequently been re-codified as Indiana Code section 22–3–3–13(h).

show that compensation from the Second Injury Fund would not result in double recovery, and that [R.M.] failed to fulfill this burden. *Mayes v. Second Injury Fund,* 873 N.E.2d 136 (Ind.Ct. App.2007), *vacated.*

*Mayes v. Second Injury Fund,* 888 N.E.2d 773, 774–75 (Ind.2008) (internal record citations omitted). The Indiana Supreme Court granted transfer and concluded that R.M. is entitled to receive benefits from the Second Injury Fund. *Id.* at 778.

On January 20, 2010, a single member of the Board issued a decision in which he determined that R.M. should receive benefits from the Second Injury Fund beginning with the 501st week after the date of R.M.'s workplace injury. R.M. requested review of the single member's decision by the full Board on January 25, 2010. The full Board affirmed and clarified the decision of the single member on June 24, 2010. The Board determined that R.M. "is deemed to have exhausted the compensation payable under the Act, and the administrator of the Fund is directed to determine the weekly amount that would be payable to [R.M.] for a period of 150 weeks, commencing with the 501st week after [R.M.'s] date of injury." Appellant's App. p. 11.

### DISCUSSION AND DECISION

■ On appeal, R.M. challenges the Board's determination that he is entitled to receive benefits from the Second Injury Fund beginning with the 501st week after the date of his workplace injury. Specifically, R.M. claims that he has effectively exhausted his benefits available under the Indiana Worker's Compensation Statute, and, as a result, should be entitled to receive benefits from the Second Injury Fund beginning with the week following his effective exhaustion of his worker's compensation benefits. We agree.

On appeal, we review a decision of the Board only to determine whether substantial evidence, together with any reasonable inferences that flow from such evidence, support the Board's findings and conclusions. *Walker v. State, Muscatatuck State Dev. Ctr.,* 694 N.E.2d 258, 266 (Ind.1998). We do not reweigh the evidence or judge the credibility of witnesses. *Id.* We are bound by the factual determination of the Board and may not disturb them unless the evidence is undisputed and leads inescapably to a contrary conclusion. *U.S. Steel Corp. v. Spencer,* 655 N.E.2d 1243, 1246 (Ind.Ct. App.1995), *trans. denied.*

*Bowles v. Second Injury Fund,* 827 N.E.2d 142, 146 (Ind.Ct.App.2005), *trans. denied.*

'As to the Board's interpretation of the law, an appellate court employs a deferential standard of review to the interpretation of a statute by an administrative agency charged with its enforcement in light of its expertise in the given area.' *Christopher R. Brown, D.D.S, Inc. v. Decatur County Mem'l Hosp.,* 892 N.E.2d 642, 646 (Ind.2008). 'An interpretation of a statute by an administrative agency charged with the duty of enforcing the statute is entitled to great weight, unless this interpretation would be inconsistent with the statute itself.' *LTV Steel Co. v. Griffin,* 730 N.E.2d 1251, 1257 (Ind.2000).

*E. Alliance Ins. Grp. v. Howell,* 929 N.E.2d 922, 926 (Ind.Ct.App.2010).

The Second Injury Fund was created by our legislature in Indiana Code section 22–3–3–13. *Id.* at 146–47. One of the purposes of the Second Injury Fund is to provide monetary benefits to employees who are permanently and totally disabled and have received the maximum compensation they are entitled under the Worker's Compensation Act. *Id.* at 147.

Indiana Code section 22–3–3–13 specifically provides, in relevant part, as follows:

(h) If an employee who is entitled to compensation under IC 22–3–2 through IC 22–3–6 . . .

(2) exhausts the employee's benefits under section 10 of this chapter;

then such employee may apply to the board, who may award the employee compensation from the second injury fund established by this section, as follows under subsection (i).

(i) An employee who has exhausted the employee's maximum benefits under section 10 of this chapter may be awarded additional compensation equal to sixty-six and two-thirds percent (66 2/3 %) of the employee's average weekly wage at the time of the employee's injury, not to exceed the maximum then applicable under section 22 of this chapter, for a period of not to exceed one hundred fifty (150) weeks upon competent evidence sufficient to establish:

(1) that the employee is totally and permanently disabled from causes and conditions of which there are or have been objective conditions and symptoms proven that are not within the physical or mental control of the employee; and

(2) that the employee is unable to support the employee in any gainful employment, not associated with rehabilitative or vocational therapy.

Indiana Code section 22–3–3–10, in relevant part, provides that an individual is eligible for worker's compensations benefits "[f]or loss by separation of both hands or both feet or the total sight of both eyes, or any two (2) such losses in the same accident, five hundred (500) weeks."

The workings of the Second Injury Fund are further examined in Title 631, section 1–1–31 of the Indiana Administrative Code, which states that

[a]wards for the payment of compensation from the second injury fund shall set forth that no payments out of the second injury fund will be made to a claimant until the full amount due from the employer for whom he was working when he received his second injury, shall have been fully paid; said payments of compensation from the second injury fund shall commence on the filing date of claimant's application for said benefits; all compensation payments paid out of the second injury fund, shall be ordered payable every six (6) weeks. Under no circumstances will the board consider any request for a lump sum settlement. Any award made under the provisions of the second injury fund shall be subject to review, modification or cancellation, as provided for under the provision of the Indiana Workmen's Compensation Law.

■ It is undisputed that R.M. is permanently disabled, and that as a result, is entitled to receive worker's compensation benefits pursuant to Indiana Code section 22–3–3–10 for a period of 500 weeks from the date of his workplace injuries. It is also undisputed that R.M. is entitled to recover benefits from the Second Injury Fund after his right to worker's compensation benefits has been exhausted, *i.e.*, he has received the maximum compensation to which he is entitled under the Worker's Compensation Act. R.M. argues however, that although he has not received the maximum compensation to which he is entitled, his right to recover worker's compensation benefits was effectively exhausted at week 264, not week 500, because at that time, both Employer and Employer's worker's compensation insurance provider had gone out of business. As a result, R.M. argues that he should have been eligible for benefits from the Second Injury Fund begin-

ning with the 265th week after the date of his workplace injury.

In order to determine whether R.M. is entitled to receive benefits from the Second Injury Fund beginning when his right to worker's compensation benefits was effectively exhausted, we must interpret the relevant statutory authority. With regard to statutory interpretation, we have explained:

> The first step in interpreting any Indiana statute is to determine whether the legislature has spoken clearly and unambiguously on the point in question. If a statute is unambiguous, we must give the statute its clear and plain meaning. A statute is unambiguous if it is not susceptible to more than one interpretation. However, if a statute is susceptible to multiple interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to effectuate that intent. We presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results.

*Nieto v. Kezy*, 846 N.E.2d 327, 335 (Ind.Ct. App.2006) (citations omitted). Here, we believe that the statute is ambiguous as to whether an individual who has exhausted the actual benefits prior to 500 weeks is eligible to receive benefits from the Second Injury Fund starting at the date of the exhaustion of the actual benefits.

Upon review, Indiana Code section 22–3–3–13(h) provides that an individual is eligible for benefits from the Second Injury Fund after he has exhausted the benefits available to him under Indiana Code section 22–3–3–10. *See also Bowles*, 827 N.E.2d at 148. Here, R.M. was entitled to receive worker's compensation benefits pursuant to Indiana Code section 22–3–3–10 for 500 weeks. However, R.M. only received worker's compensation benefits for 264 weeks because both Employer and Employer's worker's compensation insurance provider went out of business. While we acknowledge that under Indiana Code section 22–3–3–10, R.M. is entitled to receive worker's compensation benefits for 236 more weeks, we conclude that R.M. has effectively received the maximum benefits possible and, thus has exhausted his right to receive worker's compensation benefits. Having concluded that R.M. has effectively exhausted his right to receive worker's compensation benefits, we believe that the legislature intended that an individual under these specific circumstances shall be considered to have exhausted their right to worker's compensation benefits, thus making them eligible to recover additional benefits from the Second Injury Fund. Any other interpretation would result in the unjust and absurd result of R.M. being left without the assistance of the additional benefits to which he is entitled for a period of 236 weeks.

The judgment of the Board is reversed.

KIRSCH, J., and CRONE, J., concur.