Larry J. BERTOCH, Appellant
(Plaintiff below),

v.

NBD CORPORATION and U.S.
Security, Inc., Appellees
(Defendants below).

No. 93S02–0408–EX–374.

Supreme Court of Indiana.

Aug. 25, 2004.

Allan J. Mindel, Merrillville, IN, Attorney for Appellant.

Bruce J. Alvarado, Indianapolis, IN, Attorney for Appellees.

BOEHM, Justice.

Larry Bertoch suffered a fatal heart attack while working as a security guard in a building where a fire had occurred. We hold that his death is compensable under the Indiana Worker's Compensation Act.

### Factual and Procedural Background

On February 1, 1994, while responding to a fire alarm at the NBD building, members of the Gary Fire Department found Larry Bertoch's body on the landing between the tenth and eleventh floors. According to the Fire Department report the fire department found evidence on the twelfth floor of a fire in the elevator-switching panel that had "self-extinguished." The "fire pull station" was engaged and a fire extinguisher was "displaced," but had not been used.

Asserting that Bertoch's death resulted from his response to the fire, Bertoch's widow filed an Application for Adjustment of Claim with the Worker's Compensation Board. A Single Member of the Worker's Compensation Board heard the claim and awarded Bertoch full death benefits, finding that the death occurred as a result of Bertoch's response to the alarm. This produced a "psychological shock, which required unusual physical exertion beyond his routine employment." NBD requested review by the Full Board and the Board reversed the decision of the Single Hearing Member, finding that the timing of Bertoch's heart attack was "coincidence."[1] Bertoch appealed, and the Court of Appeals remanded the case to the Full Board for specific findings supporting its conclusion. The Full Board issued additional findings of fact and again concluded that Bertoch's death did not arise out of his employment. Bertoch appealed and the Court of Appeals affirmed the Board in an unpublished decision. We grant transfer and reverse the Board.

### Bertoch's Right to Compensation

■ "On appeal, we review the decision of the Board, not to reweigh the evidence or judge the credibility of witnesses, but only to determine whether substantial evidence, together with any reasonable inferences that flow from such evidence, support the Board's findings and conclusions." *Walker v. State*, 694 N.E.2d 258, 266 (Ind. 1998). The Board's conclusions of law are reviewed de novo. *Id.*

■ The Indiana Worker's Compensation Act provides for compensation of injury or death by accident arising out of and in the course of employment. Ind.Code

---

1. The Board first reversed the Single Member's award, finding tersely that the death "was not clearly connected to his work-related activities." The Court of Appeals by memorandum opinion remanded for more specific findings. The Board then entered the finding quoted in text.

§ 22–3–2–2 (1998). The claimant bears the burden of proving the right to compensation. *Glenn v. Bd. of Comm'rs,* 552 N.E.2d 485, 487 (Ind.Ct.App.1990). There is no doubt that Bertoch's death occurred "in the course of" his employment. He died at his worksite during regular work hours. There is no suggestion that he departed from his duties in any respect for personal reasons. The Court of Appeals placed importance on the fact that Bertoch's work description required him to call 911 in the event of fire. The court observed that because Bertoch's body was located "on the landing in between the tenth and eleventh floor, an inference can be drawn that Bertoch investigated the fire himself without waiting for the fire department to arrive" and concluded that Bertoch therefore went beyond his required duties.

■ Even if Bertoch had no obligation to respond to the fire, his death nevertheless occurred in the course of his employment. An action that directly or indirectly advances an employer's interest or is for the mutual benefit of the employer and employee may be incidental to and arise in the course of employment. *Ind. & Mich. Elec. Co. v. Morgan,* 494 N.E.2d 991, 994 (Ind.Ct.App.1986). An employee remains within the scope of his employment when he does something that a reasonable person would do or would be expected to do under the circumstances. *Prater v. Ind. Briquetting Corp.,* 253 Ind. 83, 88–89, 251 N.E.2d 810, 813 (1969) (citing *Nat'l Biscuit Co. v. Roth,* 83 Ind.App. 21, 26, 146 N.E. 410, 412 (1925)). Here, it was more than reasonable that Bertoch would respond to a fire alarm by attempting to find and extinguish the fire. By climbing the stairs

to investigate and possibly extinguish the fire, Bertoch was attempting to prevent it from causing damage to the building and was therefore trying to advance his employer's interests.[2] Indeed, rescue or emergency responses are typically found to be in the course of employment even if not within the specified duties of the employee. *See generally* Arthur Larson & Lex Larson, *Larson's Worker's Compensation Law* § 28.01, at 28–2 (2004). Bertoch's response to the fire was therefore not outside the scope of his employment. NBD also argues that there is no evidence that Bertoch responded to the fire alarm. There is no direct evidence that Bertoch was responding to the fire or the alarm, but the circumstances certainly suggest it and that is the conclusion that the Board drew. We find no evidence leading clearly to a different conclusion.

■ An injury "arises out of" employment when a causal nexus exists between the injury or death and the duties or services performed by the injured employee. *Milledge v. The Oaks,* 784 N.E.2d 926, 929 (Ind.2003); Larson, *supra,* § 3.05, at 3–6. Essentially, the Board and the Court of Appeals concluded that Bertoch died from a preexisting coronary condition that would have produced his death. Bertoch responds that the stress in responding to the fire alarm caused the fatal heart attack, and there is no substantial evidence to support the Board's conclusion that his death did not arise out of his employment.

■ At the hearing, the evidence presented included the Lake County Coroner's autopsy report that attributed Bertoch's death to heart disease and stated, "in consideration of the circumstances in action of fire, manner of death appears to

---

**2.** Bertoch was employed by U.S. Security which had an agreement with NBD to provide security to the building. The Single

Member found NBD secondarily liable and the parties do not challenge this on appeal.

be accident." Bertoch's death certificate lists "severe coronary atherosclerotic heart disease due to circumstances in action of fire" as the cause of death. Bertoch's cardiologist stated in a letter "stress, no matter what the mechanism, can have an adverse effect on the overall clinical situation in this type of patient. Could stress, in the form of a fire in a patient with this extensive disease be fatal? In my opinion, yes." The doctor also estimated that the expected mortality rate of someone with Bertoch's condition was twenty percent per year. The Court of Appeals concluded that "a doctor's testimony can only be considered evidence when he states that his conclusion is based on reasonable medical certainty that the fact is true or untrue." Because the doctor's testimony fell short of a reasonable degree of certainty, his conclusions were not definite. While it is true that when a doctor's testimony falls short of reasonable medical certainty, such evidence cannot by itself support a verdict, the testimony can serve as probative when considered in conjunction with other relevant evidence. *Noblesville Casting Div. of TRW, Inc. v. Prince,* 438 N.E.2d 722, 731 (Ind.1982). Here, the doctor's testimony is to be considered together with the Coroner's report and death certificate.

Citing *United States Steel Corp. v. Dykes,* 238 Ind. 599, 611, 154 N.E.2d 111, 117 (1958), the Court of Appeals reasoned, "Bertoch must demonstrate that his heart failure was either preceded by some untoward or unexpected incident, or resulted from the aggravation of a previously deteriorated heart or blood vessel." This formulation is too restrictive. *Evans v. Yankeetown Dock Corp.,* 491 N.E.2d 969, 974 (Ind.1986), dealt with the requirement that a compensable injury or death occur "by accident." We expressly rejected the "untoward or unexpected incident" requirement. *Evans* discussed worker's compensation coverage for incidents of on-the-job

occurrence of a pre-existing injury or disease. The Court held that the statutory phrase "injury or death by accident" means "unexpected injury or death" and does not require an unusual event precipitating the death. *Id.* at 975. *Evans* concluded that coverage of such an occurrence is to be resolved "by application of 'arising out of and in the course of employment.'" *Id. Hansen v. Von Duprin, Inc.,* 507 N.E.2d 573, 576 (Ind.1987), further explained that even though an employee like Bertoch may have a physical condition that renders him more susceptible than the average person to injury, an injury "arises out of employment" if there is a causal link to an injury sustained on the job. Even if a preexisting condition contributed to the injury, the employee is entitled to recover for the full extent of the injury, including an aggravation or triggering of a pre-existing injury, causally connected with the employment. *Id.* at 577.

■ The Court of Appeals also suggested that Bertoch's job as a security guard was inherently stressful and that the stress occasioned by the fire was not above and beyond the ordinary stresses of his job, so his death was non-compensable. This seems dubious. Bertoch's duties were mostly mundane, such as checking to see whether the doors were locked, turning off lights, and signing people in and out of the building. He was rarely, if ever, called upon to respond to emergencies such as the fire in this case. In any event, as this Court explained in *Evans* and *Hansen,* whether an injury resulted from an unusual event is not the dispositive question. The issue is merely whether the injury itself was unexpected. *Evans,* 491 N.E.2d at 975; *Hansen,* 507 N.E.2d at 577. Moreover, the Single Member found that Bertoch's response to the alarm required unusual physical effort and the Board did not address that issue.

A reviewing court will not disturb the findings of fact of the Worker's Compensation Board if the findings are supported by substantial evidence. *Outlaw v. Erbrich Prods.*, 777 N.E.2d 14, 26 (Ind.Ct.App.2002). In this case, we hold that the evidence does lead to a result contrary to the Board's findings. Bertoch's doctor's statement that stress, such as a fire, could be fatal was supplemented by the coroner's report and the death certificate both attributing the death to Bertoch's actions in response to the fire. His expected mortality rate in the course of the entire year was twenty percent. He died in the stairwell and was alone at the time. The fire extinguisher was dislodged and the alarm pulled. Although Bertoch suffered from a severe preexisting condition, the expert medical opinions and the circumstances surrounding his death are compelling evidence that the fire and his attempted response to it aggravated his condition and ultimately contributed to his fatal heart attack. We conclude that the Board's finding in this case that Bertoch's death did not arise out of and in the course of his employment is not supported by substantial evidence. Bertoch's claim is therefore compensable.

### Conclusion

The decision of the Board is reversed. This case is remanded to the Board with instructions to affirm the decision of the Single Hearing Member.

SHEPARD, C.J., and DICKSON, SULLIVAN and RUCKER, JJ., concur.