WHOLESALERS, INC., d/b/a Shangri–La, Appellant–Respondent,

v.

Angela HOBSON, Appellee–Claimant.

No. 93A02–0702–EX–173.

Court of Appeals of Indiana.

Oct. 9, 2007.

624

Samuel L. Bolinger, Fort Wayne, IN, Attorney for Appellant.

Diana C. Bauer, Grant A. Liston, Carson Boxberger LLP, Fort Wayne, IN, Attorneys for Appellee.

**OPINION**

BAKER, Chief Judge.

Appellant-respondent Wholesalers, Inc., d/b/a Shangri–La (Shangri–La), appeals the order of the Full Worker's Compensation Board (the Board) in favor of appellee-claimant Angela Hobson on her claim for worker's compensation benefits. Shangri–La argues that the Board erroneously found Hobson to be more credible than Shangri–La's witnesses. Inasmuch as we do not reweigh the evidence or assess witness credibility on appeal, we affirm the judgment of the Board.

Additionally, Hobson argues that she is entitled to appellate attorney fees based on Shangri–La's bad faith, a statutory 10% increase in her award based on the four- to six-year delay in her receipt of benefits, and double compensation and attorney fees based on Shangri–La's failure to carry

worker's compensation insurance at the time of Hobson's injury. We find that Hobson is not entitled to appellate attorney fees or a 10% increase in her award, but that she is entitled to an automatic 5% increase in the award and may be entitled to double compensation and attorney fees. We remand, therefore, with instructions that the Board determine whether Hobson is entitled to double compensation and attorney fees and to instruct Shangri–La to make immediate payment to Hobson for the full amount of the award to which she is entitled, including the 5% increase pursuant to Indiana Code section 22–3–4–8.

*FACTS*[1]

■ Hobson commenced her employment as a dancer at Shangri–La in Fort Wayne on December 7, 2001. On December 20, 2001, she was on stage "performing a pole trick when she sprung around the pole and felt a pull in her neck." Appellee's Br. p. 3. Hobson informed the manager of the injury immediately after she left the stage. She began experiencing numbness and a sharp pain running down her right arm. She had no strength in her right arm and was unable to grip a soda can or make a fist.

On December 28, 2001, Hobson, who was still experiencing pain and numbness, went to a chiropractor. She complained of pain in the right side of her neck and stated she found it painful to lift her children. Hobson cited her work as a dancer as the cause of her pain. On December 29, 2001, Hobson went to the emergency room because of pain in her right shoulder, informing the doctor that she had injured

**1.** Shangri–La's statement of facts is untenably argumentative and presents only the evidence favorable to its own position. We direct counsel's attention to the appellate rules and caselaw establishing that the statement of facts should be a concise narrative summary stated in a light most favorable to the judgment being appealed. Ind. Appellate Rule 46(A)(6); *Conner v. State*, 711 N.E.2d 1238, 1253 n. 8 (Ind.1999); *Elliott v. Sterling*, 744 N.E.2d 560, 565 (Ind.Ct.App.2001).

her shoulder during a dance routine. She was diagnosed with acute right shoulder pain and given pain medications. On December 30, 2001, she again went to the hospital, complaining of pain stemming from a dance-related injury.

On January 5, 2002, Hobson again went to the hospital with continuing complaints of right shoulder pain. She had received a cortisone injection several days earlier, but it had not alleviated her pain. She told the doctor that she experienced pain upon any movement of her right shoulder and that unless she was completely still, the pain was constant.

On January 8, 2002, Hobson was evaluated by Dr. James Buchholz, an orthopedic physician, who concluded that she had a herniated disc in her cervical spine. Dr. Buchholz referred her to Dr. Kevin Rahn, a surgeon with whom Hobson had an appointment on January 10, 2002. She told Dr. Rahn that her pain was an 8 on a scale of 10. Dr. Rahn confirmed Dr. Buchholz's diagnosis and Hobson agreed to Dr. Rahn's recommendation to undergo surgery to correct the herniation. Hobson had the surgery on January 14, 2002, after which she experienced relief from her pain, later telling Dr. Rahn that her pain was virtually gone.

On October 16, 2003, Hobson filed an application for an adjustment of claim with the Board. Following a hearing, on June 26, 2006, the Single Hearing Member awarded Hobson temporary total disability benefits and compensation for eight degrees of permanent impairment. Among other things, the Single Hearing Member entered the following findings of fact and conclusions of law:

3. [Shangri–La] did not have a policy of worker's compensation insurance and was not approved by the Board as a self-insurer at the time of the alleged injury.

* * *

5. [Hobson] testified that she reported the onset of her symptoms as soon as she left [Shangri–La's] stage on the alleged date of injury.

* * *

22. Although [Shangri–La] denied knowledge of [Hobson's] alleged injury, it is found that [Hobson's] testimony regarding the onset of her symptoms was credible. [Hobson] appears to have sustained an acute herniation and the MRI findings contemporaneous with the alleged injury do not make mention of extensive degeneration that might point to a more insidious onset of [Hobson's] condition. The medical records make no mention of conditions or symptoms preexisting the alleged December 2001 work incident.

23. The parties' testimony regarding reporting of the alleged incident is in stark contrast. [Shangri–La's] witnesses adamantly deny knowledge of the injury and deny noticing that [Hobson] was absent from work around January 14, 2002, the date [Hobson] underwent her first cervical spine fusion. [Shangri–La] did not, however, present any personnel records to document whether in fact [Hobson] was present or absent from work at the time of her January 2002 surgery.

24. Furthermore, [Shangri–La] did not have adequate procedures for recording work injuries, did not maintain adequate business records, did not have worker's compensation coverage in place and did not have a notice of coverage posted in accordance with the Act. Had [Shangri–La] had the appropriate coverage and postings in

place, it is at least possible that this dispute would have been resolved long ago.

* * *

26. On the issue of compensability only, *[Hobson's] credible testimony that she sustained the injury as described outweighs the testimony of [Shangri–La's] employees to the effect that they were unaware of the occurrence of any injury.*

### CONCLUSIONS OF FACT AND LAW and AWARD
* * *

2. Taken as a whole, the medical evidence is sufficient to establish that [Hobson's] C5–6 herniation was caused by the incident of December 20, 2001.

3. [Hobson] is entitled to payment or reimbursement of all medical benefits incurred in connection with diagnosis and treatment of the work-related injury, including all charges associated with the surgery performed by Dr. Rahn ... and related follow-up visits.

4. [Hobson] is entitled to an award of compensation for temporary total disability in the amount of $548.00 per week commencing January 14, 2002 through January 31, 2002....

5. [Hobson] is entitled to an award of compensation for 8 degrees of permanent impairment in connection with the herniation of the C5–6 disc that was treated surgically on January 14, 2001. Said compensation shall be brought up-to-date and paid in a lump sum of [$10,400.00].

* * *

8. The undersigned does not now find that [Hobson's] claim for compensation has been denied in bad faith.

9. It is found that [Shangri–La] was in violation of Indiana law in that it did not have worker's compensation insurance in place as of the date of the alleged injury. Based on that violation, [Hobson] seeks an award of double compensation and attorney's fees pursuant to Ind.Code § 22–3–4–13. While it is found that there are sufficient grounds to support an order requiring [Shangri–La] to pay double compensation and attorney's fees, [Shangri–La] is granted thirty (30) days to comply with the terms of this Award. If, upon the expiration of thirty (30) days [Shangri–La] has failed to comply with the terms of this Award, the undersigned will entertain a motion for further award pursuant to Ind.Code § 22–3–4–13.

Appellant's App. p. 3–7 (emphasis added). On July 11, 2006, Shangri–La appealed to the Board and, following a hearing, on February 1, 2007, the Board summarily affirmed the decision of the Single Hearing Member and adopted his decision in all respects. Shangri–La now appeals.

### DISCUSSION AND DECISION

#### I. The Board's Decision

Shangri–La argues that there is insufficient evidence supporting the Board's award to Hobson. As we consider this argument, we note that we are bound by the Board's findings of fact and may not disturb its determination unless the evidence is undisputed and leads undeniably to a contrary conclusion. *Mueller v. DaimlerChrysler Motors Corp.*, 842 N.E.2d 845, 848 (Ind.Ct.App.2006). It is the duty of the Board, as the trier of fact, to make findings that reveal its analysis of the evidence and that are specific enough to permit intelligent review of its decision. *Id.*

In evaluating the Board's decision, we employ a two-tiered standard of review. First, we review the record to determine if there is any competent evidence of probative value to support the Board's findings. We then examine the findings to see if they are sufficient to support the decision. *Shultz Timber v. Morrison*, 751 N.E.2d 834, 836 (Ind.Ct. App.2001). We will not reweigh the evidence or assess witness credibility, and we will consider only the evidence most favorable to the award, including any and all reasonable inferences flowing therefrom. *Id.*

Shangri–La argues that it presented witnesses who testified that Hobson did not notify her employer or co-workers of her injury and that she did not appear to be injured in the weeks following the incident. Thus, the gravamen of Shangri–La's argument is that its witnesses were more credible and its evidence more weighty than Hobson's. As noted above, however, we neither assess witness credibility nor reweigh the evidence when reviewing an award of the Board. Here, Hobson testified that she injured herself on the job and presented a substantial amount of medical evidence supporting that testimony. It was for the Board to decide whose story was more believable. The Board believed Hobson, and we cannot predicate error on that conclusion. Consequently, we affirm the Board's judgment in favor of Hobson.

## II.  Hobson's Requests

### A.  Appellate Attorney Fees

Hobson asks that we award her appellate attorney fees because Shangri–La's appeal was frivolous, meritless, and taken in bad faith. Indiana Appellate Rule 66(E) provides that we may award attorney fees "if an appeal ... is frivolous or in bad faith." Our discretion to award attorney fees under this rule is limited to instances when the appeal is "permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Graycor Indus. v. Metz*, 806 N.E.2d 791, 801 (Ind.Ct.App.2004). "Requests for awards of appellate attorney's fees have been categorized as 'procedural,' for flagrant violations of appellate procedure, and 'substantive,' for appellate arguments that are utterly devoid of all plausibility." *Id.*

Although we easily dispensed with Shangri–La's argument seeking to overturn the Board's award, we cannot conclude that the appeal was substantively frivolous or taken in bad faith. A consideration of Shangri–La's procedural bad faith "is not as easily dismissed." *Id.* As already noted above, Shangri–La's brief did not appropriately conform to the appellate rules, inasmuch as it failed to set forth the facts in accordance with the standard of review and made arguments based upon less than a full consideration of the evidence presented at the hearing. "Taken in toto however, [Shangri–La's] brief does not appear to be 'written in [a] manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court.'" *Id.* (quoting *Boczar v. Meridian St. Found.*, 749 N.E.2d 87, 95 (Ind.Ct.App.2001)). As such, an award of appellate attorney fees is not appropriate here.[2]

### B.  Ten Percent Increase

Hobson next argues that she is entitled to a 10% increase in her award

---

**2.** Inasmuch as we need not examine the evidence offered by Shangri–La in its motion to submit evidence outside the record to find in its favor on Hobson's request for appellate attorney fees, we are denying that motion contemporaneously with the rendering of this opinion.

pursuant to Indiana Code section 22–3–4–8(f), which provides that "[a]n award of the full board affirmed on appeal, by the employer, shall be increased thereby five percent (5%), and by order of the court may be increased ten percent (10%)."

■■■ In general, "in the absence of substantive or procedural bad faith a claimant's award should be increased by the required 5%." *Id.* at 801. We have held in the past, however, that if the employee has been prevented from obtaining worker's compensation benefits for an extended period of time, it is appropriate to increase the award by 10%. *See DePuy, Inc. v. Farmer,* 847 N.E.2d 160, 172 (Ind.2006) (increasing employee's award by 10% even though appeal was not frivolous or in bad faith because of a ten-year delay in employee's receipt of worker's compensation benefits, noting that the delay "is nearly twice the time consumed by most cases from injury to final determination on appeal"); *Graycor,* 806 N.E.2d at 801 (same following a four-year delay); *but see Manous v. Manousogianakis,* 824 N.E.2d 756, 769 (Ind.Ct.App.2005) (refusing to award a 10% increase where appeal was not frivolous or in bad faith even though there was a five-year delay between filing of employee's claim and decision on appeal).

Here, we have found that Shangri–La has exhibited neither substantive nor procedural bad faith in this appeal. Notwithstanding a lack of bad faith, Hobson insists that the delay she has experienced in receiving her worker's compensation benefits entitles her to receive a 10% increase in the award. Although Hobson was injured in December 2001, she did not file her claim until October 2003. Thus, six years have passed since her injury and only four years have passed since she filed her claim. Given our Supreme Court's statement in *DePuy* that the average time consumed by most cases between injury and

determination on appeal is approximately five years, 847 N.E.2d at 172, we cannot conclude that the four- to six-year delay herein warrants a 10% increase in Hobson's award. Thus, we find that Hobson is entitled only to a 5% increase in the award as provided by Indiana Code section 22–3–4–8(f).

### C. Double Compensation and Attorney Fees

■■■ Finally, Hobson argues that she is entitled to double compensation and attorney fees pursuant to Indiana Code section 22–3–4–13(f) and the Board's order. The statute provides as follows:

(f) In an action before the board against an employer who at the time of the injury to ... an employee had failed to comply with [among other things, the statute requiring the employer to carry worker's compensation insurance], the board may award to the employee ...:

(1) compensation not to exceed double the compensation provided by this article;

(2) medical expenses; and

(3) reasonable attorney fees in addition to the compensation and medical expenses.

I.C. § 22–3–4–13(f). The Single Hearing Member's order—adopted in full by the Board—provided that

[i]t is found that [Shangri–La] was in violation of Indiana law in that it did not have worker's compensation insurance in place as of the date of the alleged injury. Based on that violation, [Hobson] seeks an award of double compensation and attorney's fees pursuant to Ind.Code § 22–3–4–13. While it is found that there are sufficient grounds to support an order requiring [Shangri–La] to pay double compensation and attorney's

fees, [Shangri–La] is granted thirty (30) days to comply with the terms of this Award. If, upon the expiration of thirty (30) days [Shangri–La] has failed to comply with the terms of this Award, the undersigned will entertain a motion for further award pursuant to Ind.Code § 22–3–4–13.

Appellant's App. p. 7.

It is undisputed that, at the expiration of thirty days, Shangri–La had not complied with the terms of the award. But within those thirty days, it appealed the award to the Board. And within thirty days of the Board's ruling, it filed a notice of appeal of the Board's decision with this court. Inasmuch as there has not yet been a final judgment, we cannot conclude that Shangri–La has failed to meet the Board's thirty-day deadline.

That being said, however, the statute does not contain a thirty-day limitation. And pursuant to the plain language of Indiana Code section 22–3–4–13(f), Hobson may be entitled to double compensation and attorney fees. Inasmuch as there has already been a four- to six-year delay in Hobson's receipt of the benefits to which she is entitled, we are loathe to make her wait an additional thirty days. We remand, therefore, with instructions that the Board determine whether Hobson is entitled to double compensation and attorney fees and to instruct Shangri–La to make immediate payment to Hobson for the full amount of the award to which she is entitled, including the 5% increase pursuant to Indiana Code section 22–3–4–8.

The judgment of the Board is affirmed and remanded with those instructions.

BAILEY, J., and VAIDIK, J., concur.