**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Mar 28 2012, 8:20 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*:

**C. RICHARD MARSHALL**
Columbus, Indiana

APPELLEE *PRO SE*:

**KENNETH W. HEIDER**
Greenwood, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| C. RICHARD MARSHALL, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1106-EX-567 |
| | ) | |
| KENNETH W. HEIDER, | ) | |
| | ) | |
| Appellee-Claimant.[1] | ) | |

APPEAL FROM THE FULL WORKER'S COMPENSATION BOARD OF INDIANA
Linda P. Hamilton, Chairperson.
Application No. C-169513

**March 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

---

[1] The appeal arises out of the worker's compensation case of *Sharon K. Wilson v. Heritage House Convalescent Center*, with the cause number as below.

Appellant-Respondent C. Richard Marshall appeals from the order of the Worker's Compensation Board ("Board") awarding a $6000 attorney's fee award to Appellee-Claimant Kenneth W. Heider. Upon review, we reverse and remand to the Board with instructions.

## FACTS AND PROCEDURAL HISTORY

Sharon Wilson was injured in a compensable work-related accident on May 20, 2002. Wilson's lower-back injury was serious enough to warrant an operative procedure known as a L5-S1 lumbar fusion. This procedure was completed negligently and further exacerbated Wilson's work-related injury. As a result of the work-related injury and the negligently performed procedure, Wilson suffered permanent nerve damage and was subsequently determined to have a 27% whole-body permanent partial impairment, which will require ongoing medication and future medical treatment.

On September 8, 2003, Wilson retained Heider to represent her in her worker's compensation claim against her employer, the Heritage House Convalescent Center. Wilson signed a contract that set forth that Heider would recover on a contingency basis, the rate by which he would recover if the contingency was met, and that Heider would be entitled to attorney's fees in the amount of $150 per hour if he were discharged by Wilson, before the contingency was met. Heider filed Wilson's Application for Adjustment of Claims with the Board on April 14, 2004. Through Heider's efforts, Wilson received a settlement offer of $38,500 on October 21, 2004, which Wilson rejected. Through Heider's continued efforts, Wilson received a subsequent settlement offer of $75,000, which Wilson rejected.

2

On May 23, 2005, Wilson informed Heider that she was terminating his representation of her. Wilson subsequently retained the services of Marshall. Through Marshall's efforts, Wilson eventually settled her claim for $122,000, plus future medical expenses.

Heider filed a Notice of Lien with the Board on June 21, 2005, requesting $13,950 in attorney's fees. On October 4, 2010, following a hearing, the single hearing member determined that Heider was entitled to fees for the work he completed in the amount of $6000.[2] The Board affirmed the $6000 award on June 8, 2011. This appeal follows.

## DISCUSSION AND DECISION

### A. Standard of Review and Applicable Law

#### 1. Standard of Review

The Indiana Worker's Compensation Act ("the Act") provides compensation for personal injury or death by accident arising out of and in the course of employment. Ind. Code § 22–3–2–2. "'On appeal, we review the decision of the Board, not to reweigh the evidence or judge the credibility of witnesses, but only to determine whether substantial evidence, together with any reasonable inferences that flow from such evidence, support the Board's findings and conclusions.'" *Young v. Marling*, 900 N.E.2d 30, 34 (Ind. Ct. App. 2009) (quoting *Bertoch v. NBD Corp.*, 813 N.E.2d 1159, 1160 (Ind. 2004)). As to the Board's interpretation of the law, we employ a deferential standard of review to the interpretation of a statute by an administrative agency charged with its enforcement in light

---

[2] We note that the Single Hearing Member's findings were scant and offered little assistance in determining the reasonableness of the $6000 award to Heider.

of its expertise in a given area. *Id*. The Board will only be reversed if it incorrectly interpreted the Act. *Id*. However, the Act must be liberally construed to effectuate its humane purposes, and doubts in the application of its terms are to be resolved in favor of the employee. *Id*.

In evaluating a decision of the Board, we employ a two-tiered standard of review. *Wholesalers, Inc. v. Hobson*, 874 N.E.2d 622, 627 (Ind. Ct. App. 2007). We first review the record to determine if there is any competent evidence of probative value to support the Board's findings. *Id*. We then examine the findings to see if they are sufficient to support the decision. *Id*. We do not reweigh the evidence or assess witness credibility, and we consider only the evidence most favorable to the award, including the reasonable inferences flowing therefrom. *Id*.

Here, the single hearing member entered written findings, and the Board found that the hearing officer's decision should be adopted with one modification. "'Such adoption is sufficient to attribute to the ... [B]oard the explicit written findings of the single hearing member and to permit appellate review accordingly.'" *Young*, 900 N.E.2d at 34-35 (quoting *Dial X–Automated Equip. v. Caskey*, 826 N.E.2d 642, 644 (Ind. 2005)). Therefore, we examine the evidence recited in the single hearing member's decision as well as the findings and conclusions set out therein, as these constitute the Board's decision. *See id*. at 35.

## 2. Applicable Law

"'A client has a right to discharge a lawyer at any time, with or without cause, subject to liability for payment for the lawyer's services.'" *Galanis v. Lyons & Truitt*, 715 N.E.2d

4

858, 861 (Ind. 1999) (quoting Indiana Professional Conduct Rule 1.16 comment).  When a lawyer who has been retained on a contingency fee basis has been discharged, we will assume that an agreement calling for a reasonable method of compensating a discharged lawyer may be enforceable according to its terms.  *Id.*

## B. Analysis

### 1. Whether Contractual Provision Controls

Marshall argues that the Board erred in determining that it was not required to apply the principle of quantum meruit to the instant fee dispute.  However, we again note that in cases involving applicable contractual terms, "'[w]e assume that an agreement calling for a reasonable method of compensating a discharged lawyer may be enforceable according to its terms.'"  *Nunn Law Office v. Rosenthal*, 905 N.E.2d 513, 519 (Ind. Ct. App. 2009) (quoting *Galanis*, 715 N.E.2d at 861)).  The record reveals that Heider entered into a fee agreement with Wilson which expressly provided for compensation upon discharge prior to the resolution of the underlying matter.  Heider's contract with Wilson expressly provided as follows:

> 4.     In the event that client(s) discharge attorney prior to any offer of settlement made on the claim or Application he shall be entitled to place a lien on the claim or case for the reasonable value of working on the claim or case.
> **\*\*\*\***
> If client terminates the attorney-client relationship, client understands that the attorney may request an attorney fee at the attorney's hourly rate of One Hundred Fifty Dollars (150.00), but under no circumstances will the attorney request attorney fees greater that that allowed by the Indiana Worker's Compensation Board.

Appellant's App. p. 68-69.  Upon review, we conclude that the method of compensation described in the above-stated contractual provisions drafted by Heider creates a reasonable

5

method of compensating Heider upon discharge prior to the resolution of the underlying matter. Accordingly, we conclude further that this agreement is enforceable and attorney's fees should be awarded to Heider pursuant to the terms of the contract. *See Galanis*, 715 N.E.2d at 861.

## 2. Whether the Board's Valuation of Heider's Services was Reasonable

The Board awarded Heider attorney's fees in the amount of $6000. However, pursuant to the above-stated terms of the contract, Heider was only entitled to request attorney's fees at a rate of $150 per hour. It is undisputed that Heider provided seven and one-half hours of work on the underlying worker's compensation matter. Thus, in reading the clear language of the contract, Heider was entitled to an attorney fee of $1125 for the work he completed on Wilson's case. To the extent that Heider argued for a different interpretation of the contract under which he claimed the full $6000 would be deemed reasonable, we remind Heider that when interpreting contractual provisions, any ambiguity shall be construed against the drafter. *See MPACT Constr. Group, LLC v. Superior Concrete Contractors, Inc.*, 802 N.E.2d 901, 910 (Ind. 2004).

Having concluded that Heider was entitled to an attorney fee of $1125 pursuant to the applicable contractual terms, we reverse the Board and remand with instructions for the Board to award Heider $1125.

The judgment of the Board is reversed and remanded with instructions.

KIRSCH, J., concurs.

BARNES, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

C. RICHARD MARSHALL,          )

          )

    Appellant-Respondent,      )

          )

         vs.        )     No. 93A02-1106-EX-567

          )

KENNETH W. HEIDER,        )

          )

    Appellee-Claimant.       )

***BARNES, Judge, dissenting with separate opinion***

I respectfully dissent. In his brief, Marshall specifically references the clause upon which the majority relies and asserts "it appears that this clause doesn't come into play . . . ." Appellant's Br. p. 28. Marshall goes on to argue, "we are probably contractually dealing with a 'reasonable value' issue although certainly the '$150-per-hour' clause grants us illuminating insight into what Heider would have claimed . . . ." Id. In my opinion, Marshall only argues on appeal that the Board erred by not applying the doctrine of quantum meruit.

Taking the issue as it is framed by Marshall, I would conclude that, even if we were to require the Board to apply the doctrine of quantum meruit, the application of such would not change the outcome in this case. See Galanis v. Lyons & Truitt, 715 N.E.2d 858, 864 (Ind. 1999) (explaining the various factors to be considered in determining the reasonable value of

7

a terminated lawyers' services). Here, the Board based its fee award "on the totality of the evidence, the value conferred on Wilson by the representation of Heider, and the time expended by Heider . . . ." App. p. 53. I believe that these are the very factors that would be considered if the doctrine of quantum meruit was applied here. As such, I do not believe Marshall has met his burden of establishing reversible error. Accordingly, I dissent.