**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RANDY K. FLEMING**
Sarkisian & Fleming, P.C.
Portage, Indiana

ATTORNEYS FOR APPELLEE:

**KEVIN C. TYRA**
**JERRY M. PADGETT**
The Tyra Law Firm, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID EDMONDS, | ) | |
| | ) | |
| Appellant-Claimant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1209-EX-712 |
| | ) | |
| MENARDS, INC., | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE FULL WORKER'S COMPENSATION BOARD OF INDIANA
Application No. C-20028

**February 6, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

On November 9, 2007, David Edmonds sustained work-related injuries during the course of his employment at Menards, Inc. Over the course of approximately the next two years, Edmonds received medical treatment for these injuries. On August 12, 2009, Edmonds filed an "Application for Adjustment of Claim" with the Worker's Compensation Board of Indiana (the "Board"), claiming that he was entitled to worker's compensation benefits and that Menards had terminated these benefits despite a recommendation that Edmonds undergo additional surgical procedures to treat his remaining injuries. On April 18, 2012, a single hearing member of the Board found that Edmonds had proved that his cervical spinal injuries were caused by the workplace incident and that Edmonds's permanent partial impairment ("PPI") rating for his cervical spinal injuries is 10% of the person as a whole. The single hearing member further found that Edmonds had failed to prove that his right shoulder injury was caused by the workplace incident. Edmonds appealed to the full Board, which subsequently affirmed the decision of the single hearing member.

Upon review, we conclude that the evidence supports the Board's determination that the PPI rating associated with Edmonds's spinal injuries is 10%. We further conclude that the undisputed evidence overwhelmingly demonstrates that Edmonds's right shoulder injury was caused by the November 9, 2007 workplace incident. Accordingly, we affirm the Board's determination that Edmonds suffers a 10% PPI rating with regard to his spinal injuries, reverse the Board's determination relating to Edmonds's right shoulder injury, and remand the matter to the Board for a determination of whether Edmonds suffers permanent impairment with respect to his shoulder injury. If, on remand, the Board determines that

2

Edmonds does suffer permanent impairment as a result of his shoulder injury, the Board should also determine what effect this impairment has on his full-body PPI rating.

## FACTS AND PROCEDURAL HISTORY

On November 9, 2007, Edmonds was injured while lifting bags of decorative rocks during the course of his employment at Menards. Edmonds was subsequently diagnosed with cervical spinal injuries and injuries to his right shoulder, including right shoulder arthropathy, a rotator cuff tendon strain, and a superior labrum tear. Edmonds underwent ongoing treatment, including multiple surgical procedures, for the injuries to his spine and right shoulder. Menards's worker's compensation insurance carrier, Zurich Insurance, was kept informed about Edmonds's diagnoses and ongoing treatment. Edmonds continued to receive worker's compensation benefits and medical treatment for his injuries at Menards's expense until he refused an additional suggested spinal surgery to be performed by Dr. Marc A. Levin on August 10, 2009. Edmonds indicated that he would agree to the surgery if it was completed by someone other than Dr. Levin. Edmonds's worker's compensation benefits were terminated after he refused the additional spinal surgery.

On August 12, 2009, Edmonds filed an Application for Adjustment of Claim, in which he alleged that Menards terminated his total temporary disability ("TTD") benefits despite the recommendation that he undergo additional surgical procedures as well as the fact that he had only been released to engage in sedentary work. On March 26, 2012, the parties submitted individual proposed findings and conclusions as well as a joint stipulation of facts, issues, and evidence to the individual hearing member assigned to the matter. The stipulated-

to evidence included approximately 100 pages of records detailing Edmonds's medical treatment for the injuries sustained as a result of the November 9, 2007 workplace incident.

On April 18, 2012, the individual hearing member issued Findings of Fact and Conclusions of Law, in which he determined that Edmonds's spinal injuries arose out of the course of his employment at Menards and resulted in a PPI rating of 10%. The individual hearing member also determined that Edmonds had failed to establish that his right shoulder injury arose out of the course of his employment at Menards. Edmonds timely appealed the single hearing member's decision to the full Board. On August 16, 2012, the Board affirmed the determination of the single hearing member. This appeal follows.

## DISCUSSION AND DECISION

### I. Standard of Review

The Indiana Worker's Compensation Act ("the Act") provides compensation for "personal injury or death by accident arising out of and in the course of employment." Ind. Code § 22-3-2-2; *see Muncie Ind. Transit Auth. v. Smith*, 743 N.E.2d 1214, 1216 (Ind. Ct. App. 2001).

> To be eligible for compensation under the Act, the employee must prove that the injury arose out of and in the course of his employment. The phrase "in the course of employment" refers to the time, place and circumstances of the accident. The phrase "arose out of the employment" refers to the origin and cause of the injury. In order for an accident to arise out of employment, there must be a causal relationship between the employment and the injury.

*Smith*, 743 N.E.2d at 1216 (internal citations omitted). "As a general rule, the issue of whether an employee's injury arose out of and in the course of his employment is a question of fact to be determined by the Board. *Id.* at 1216-17 (citing *Ind. Mich. Power Co. v. Roush*,

4

706 N.E.2d 1110, 1113 (Ind. Ct. App. 1999), *trans. denied*). However, when the facts relating to the question of liability under the Act are undisputed and lead to only one reasonable inference, the determination of whether an injury arose out of or in the course of employment is a question of law. *Id*. at 1217.

"'On appeal, we review the decision of the Board, not to reweigh the evidence or judge the credibility of witnesses, but only to determine whether substantial evidence, together with any reasonable inferences that flow from such evidence, support the Board's findings and conclusions.'" *Young v. Marling*, 900 N.E.2d 30, 34 (Ind. Ct. App. 2009) (quoting *Bertoch v. NBD Corp.*, 813 N.E.2d 1159, 1160 (Ind. 2004)). In evaluating a decision of the Board, we employ a two-tiered standard of review. *Wholesalers, Inc. v. Hobson*, 874 N.E.2d 622, 627 (Ind. Ct. App. 2007). We first review the record to determine if there is any competent evidence of probative value to support the Board's findings. *Id*. We then examine the findings to see if they are sufficient to support the Board's decision. *Id*. Again, we do not reweigh the evidence or assess witness credibility, and we consider only the evidence most favorable to the award, including the reasonable inferences flowing therefrom. *Id*.

In the instant matter, the single hearing member entered written findings, and the Board found that the hearing officer's decision should be adopted. "Such adoption is sufficient to attribute to the Board the explicit written findings of the single hearing member and to permit appellate review accordingly." *Rocky River Farms, Inc. v. Porter*, 925 N.E.2d 496, 498 (Ind. Ct. App. 2010). "We therefore examine the evidence recited in the single

5

hearing member's decision as well as the findings and conclusions set out therein, as these constitute the Board's decision." *Id*.

## II. Edmonds's Spinal Injuries

Edmonds contends that the Board erroneously determined that he suffers a 10% PPI rating with regard to his spinal injuries. Specifically, Edmonds claims that the record contains "substantial evidence to conclude that [he] sustained a 28% PPI rating" with regard to his spinal injuries. Appellant's Br. p. 21. In making this claim, Edmonds points to Dr. Anton A. Thompkins's opinion that Edmonds's PPI rating for his spinal injuries is "28% of whole body." Appellant's App. p. 161. Edmonds, however, concedes that the record contains conflicting evidence regarding his PPI rating relating to his spinal injuries.

Upon review, we conclude that the record contains sufficient evidence to support the Board's determination that Edmonds suffers a PPI rating of 10% with regard to his spinal injuries. The record indicates that Dr. Levin, who treated Edmonds on multiple occasions following the November 9, 2007 workplace incident, opined that Edmonds's PPI rating for his spinal injuries is 10% of the person as a whole. Edmonds acknowledges that Dr. Levin had treated his injuries stemming from the workplace incident on multiple occasions and assessed his PPI rating relating to his spinal injuries as 10% of the person as a whole, but argues that Dr. Levin's assessment was arbitrary and without sufficient medical documentation. Edmonds's argument to this effect, however, amounts to an invitation for this court to reassess witness credibility and to reweigh the evidence, which we will not do. *See Hobson*, 874 N.E.2d at 627. Accordingly, we affirm the Board's determination that

Edmonds suffers a 10% PPI rating with regard to his spinal injuries.

### III. Edmonds's Shoulder Injury

Edmonds next contends that the Board erroneously determined that he failed to prove that his shoulder injury was caused by the November 9, 2007 workplace incident. Edmonds further argues that the Board erroneously failed to award a PPI rating for his shoulder injury. Again, while the question of whether an employee's injury arose out of and in the course of his employment is generally a question of fact to be determined by the Board, the determination is a question of law when the facts relating to the question of liability under the Act are undisputed and lead to only one reasonable inference. *Smith*, 743 N.E.2d at 1216-17. Upon appeal, we may reverse the Board's decision on a question of law if the undisputed evidence reveals that the Board's decision is an incorrect interpretation of law. *Id*. at 1217.

In the instant matter, it is undisputed that Edmonds was injured during the course of his employment on November 9, 2007. The parties stipulated to the admission of approximately 100 pages of records detailing the medical treatment provided to Edmonds following the workplace injury for consideration by the Board. These medical records demonstrate that over the course of the two years following the workplace incident, Edmonds complained of and was treated for right shoulder pain in addition to his spinal injuries. The medical records further demonstrate that Edmonds had not suffered from shoulder pain prior to the November 9, 2007 workplace incident, that Edmonds complained of and was treated for a right should injury shortly after sustaining the workplace injury, and that the right shoulder injury was a major focus of Edmonds's ongoing medical treatment.

7

Upon review, we determine that the stipulated-to medical records lead to only one possible reasonable inference, that being that Edmonds suffered a right shoulder injury as a result of the November 9, 2007 workplace injury. Menards has not challenged the accuracy of the medical records or presented any additional evidence which could support an inference that Edmonds's shoulder injury was caused by anything other than the workplace incident. However, despite the undisputed and overwhelming evidence to the contrary, the Board determined that Edmonds "presented no evidence that the shoulder problems … were related to his on-the-job accident." Appellant's App. p. 200.

Because the undisputed evidence overwhelmingly indicates that Edmonds's right shoulder injury was in fact caused by the November 9, 2007 workplace incident, we conclude that the Board's determination is not supported by any evidence in the record. Again, the undisputed evidence leads to only one possible reasonable inference, that being that the injury to Edmonds's right shoulder arose out of or in the course of his employment at Menards. As such, we conclude that the Board's determination that Edmonds failed to prove that his right shoulder injury was caused by the workplace incident amounts to an incorrect interpretation of the law, and we reverse the Board's decision on this point. *See Smith*, 743 N.E.2d at 1217.

Having reversed the Board's determination that Edmonds had failed to prove that his right shoulder injury arose out of or in the course of his employment at Menards, we remand the instant matter to the Board for a determination as to whether Edmonds suffers permanent impairment as a result of this injury, and, if so, what effect this impairment has on his whole

8

body PPI rating.

The judgment of the Board is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

NAJAM, J., and FRIEDLANDER, J., concur.