**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**LINDA GEORGE**
**KATHLEEN A. FARINAS**
**TODD BARNES**
**ASHLEIGH M. RESETARITS**
George & Farinas, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**BRIAN J. PAUL**
**ANN H. STEWART**
Ice Miller LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARY RAGON AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LARRY RAGON, | ) ) ) ) | |
| Appellant-Plaintiff, | ) ) | |
| vs. | ) ) | No. 93A02-1402-EX-80 |
| ELI LILLY & COMPANY, | ) ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE FULL WORKER'S COMPENSATION BOARD OF INDIANA
Linda Hamilton, Chairman
Cause No. 0207812

**September 10, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Mary Ragon (Mary), as personal representative of the Estate of Larry Ragon (Larry), appeals the decision of the Indiana Worker's Compensation Board (the Board) finding that Larry had failed to meet his burden of proving, by a preponderance of the evidence, that he suffers from the occupational disease asbestosis. Mary argues that the board committed reversible error by failing to find that Larry was exposed to the hazards of asbestos. She also contends that the Board erred when it found that Larry's testimony was not credible when appellee-defendant Eli Lilly (Lilly) presented no evidence to rebut that testimony. Finding that the evidence in this case is disputed and that Mary's arguments constitute an impermissible request to reweigh the evidence, we affirm.

### FACTS[1]

Larry was an employee at Lilly in varying capacities from 1965 to June 27, 1996. During that time Larry worked as a trades helper in the carpenter shop from the mid-1960s until 1969 or 1970. He then began working in the paint shop until 1972 or 1973; he then worked in the pipe shop until 1974 or 1975; and he then worked in the sheet metal shop until sometime in the early 1980s. From that time forward, Larry performed work certifying laboratory equipment for Lilly, and he held that position until he left Lilly in 1996. Larry held other jobs after leaving Lilly, including maintenance and security work. He left the workforce in 2009.

---

[1] We remind appellant's attorney that, in accordance with Appellate Rule of Procedure 46(A)(6), parties are required to state the facts "in accordance with the standard of review appropriate to the judgment or order being appealed."

Larry struggled with respiratory problems, including chronic bronchitis and pneumonia. He was ultimately diagnosed with Chronic Obstructive Pulmonary Disease (COPD) and pulmonary fibrosis, which is marked by a thickening and stiffening of tissue in the lungs.

Larry believed that his exposure to asbestos during his employment with Lilly had caused his respiratory disease and filed an Application for Adjustment of Claim on December 15, 2010. Lilly denied Larry's claim. Larry was then examined by Dr. David Mares, and, on September 26, 2011, Larry filed an Amended Application for Adjustment of Claim. At this time, Dr. Steven Smith, Lilly's occupational and environmental disease expert, examined Larry. Dr. Mares and Dr. Smith agreed that Larry is disabled, but disagreed as to causation.

On March 26, 2013, Judge Diana Parsons of the Worker's Compensation Board held a single-member hearing on the matter. Larry was the only witness to testify in person, as his counsel wanted Judge Parsons to be able to judge his credibility. In addition to Larry's testimony, Judge Parsons reviewed documentary evidence and the depositions of both Larry's and Lilly's experts. Dr. Mares's report found that Larry had asbestosis to a reasonable degree of medical certainty. Additionally, Dr. Robert Daly, the pulmonologist treating Larry at the time of the single-member hearing, testified that Larry's history was consistent with a diagnosis of asbestosis to a reasonable degree of certainty. Dr. Daly's opinion was based on the medical history provided to him by Larry and Larry's previous physicians.

3

Dr. Smith, Lilly's expert, examined Larry's medical records and interviewed Tom Yoder, a former safety director at Lilly, who had knowledge about the work environment Larry would have encountered during his time at Lilly. Dr. Smith found that "it is likely that [Larry] was occupationally exposed to some level of respirable asbestos in conjunction with his work within [Lilly] facilities . . . ." Tr. p. 171. However, he also found that "[Larry] most certainly was not exposed to sufficient quantities of airborne and respirable asbestos fibers within Lilly premises to have developed even very mild Lilly employment-related asbestosis." Id. at 171-72. Moreover, Dr. Smith found that "[Larry] definitely does not even have pulmonary asbestosis." Id. at 172.

After reviewing the evidence, Judge Parsons issued her order on April 6, 2013. Among her Case Summary, Commentary, and Findings were the following:

> 5. There is a dispute as to whether the Plaintiff's pulmonary fibrosis is idiopathic or was caused by the inhalation of airborne asbestos fibers while the Plaintiff worked for the Defendant. The Plaintiff has offered expert medical opinions from pulmonologists Dr. David Mares and Dr. Robert Daly to support his contention that his pulmonary fibrosis was caused by the inhalation of airborne asbestos fibers.

> . . .

> 7. The Plaintiff was also evaluated, and treated, for his pulmonary condition by Dr. Daly. Dr. Daly initially diagnosed the Plaintiff with idiopathic pulmonary fibrosis. When he learned of the Plaintiff's alleged asbestos exposure, he subsequently opined that it was unclear if the Plaintiff's fibrosis was a mix of asbestosis and/or idiopathic changes. Dr. Daly then subsequently opined that the Plaintiff had asbestosis. Dr. Daly's occupational history from the Plaintiff was that he was a pipefitter for the Defendant. This is an incomplete and inaccurate statement of the Plaintiff's occupational history. Dr. Daly's opinion was also informed by the "extensive occupational history documented by [Dr.] Mares" as referenced

4

by Dr. Daly in his November 23, 2011 report. Dr. Mares' occupational history, as noted above, was incorrect.

8. The Defendant stipulates that, during the period of Plaintiff's employment, many buildings owned by the Defendant has asbestos-containing materials installed in them. The Defendant disputes, however, that the Plaintiff suffers from asbestosis as a result of the inhalation of airborne asbestos fibers.

. . .

10. The Defendant contends that the Plaintiff's pulmonary fibrosis is idiopathic and offers Dr. Smith's report in support of this contention. Dr. Smith conducted an extensive record and professional literature review and issued a detailed report in which he concludes, in part, that the Plaintiff's [alleged] asbestos exposure would not have been sufficient to have posed a risk for the development of asbestosis. In support of this opinion, Dr. Smith provided a detailed analysis of the specific tasks allegedly performed by the Plaintiff, their known propensity for airborne asbestos exposure, and the cumulative putative asbestos exposure likely to have resulted therefrom. He noted that, while there can be a release of respirable asbestos fibers during some of the industrial piping work the Plaintiff contends he performed, the level of release would have been minimal, extremely low, and incapable of causing asbestosis. Dr. Smith opined that the Plaintiff's pulmonary fibrosis is idiopathic . . ."

. . .

17. All of the Plaintiff's medical diagnosis are heavily dependent upon the veracity of the Plaintiff's personal representations of the nature, extent, and duration of his airborne asbestos exposure for their validity.

18. The Plaintiff is an inaccurate historian. This adversely affects his credibility as a witness.

Appellant's App. p. 7-9.

Based on her Case Summary, Commentary, and Findings, Judge Parsons determined that Larry was not a credible witness, as his testimony contained multiple

inconsistencies that demonstrated a "propensity to misrepresent significant facts." Id. at 10. Judge Parsons found that this adversely affected the weight given to the evidence of Dr. Mares and Dr. Daly, as they had relied on Larry's account of his exposure history. Therefore, Judge Parsons found that Larry had failed to meet his burden of proving, by a preponderance of the evidence, that he suffered from asbestosis.

Larry appealed the ruling to the Full Worker's Compensation Board. On January 15, 2014, the Board affirmed Judge Parson's decision, incorporating her findings and conclusions. It also made additional findings of its own, finding that Larry had failed to establish by a preponderance of credible evidence that he suffered from asbestosis and therefore he had failed to establish causation or disablement caused by asbestosis.

Larry appealed to this Court on February 11, 2014. However, Larry passed away on May 22, 2014, and Mary, as his surviving spouse, presumptive dependent, and personal representative, notified this Court of her successor status on May 27, 2014.

## DISCUSSION AND DECISION

### I. Standard of Review[2]

When reviewing a decision of the Board, we do not reweigh the evidence or judge the credibility of witnesses but only determine whether substantial evidence, together with any reasonable inferences that flow from such evidence, supports the Board's findings and conclusions. Bertoch v. NBD Corp., 813 N.E.2d 1159, 1160 (Ind. 2004). We are bound by the Board's factual determinations and may not disturb them unless the

---

[2] We remind Appellant's attorney that the appellant's brief is required to state the applicable standard of review for each issue in accordance with Appellate Rule of Procedure 46(A)(8).

evidence is undisputed and leads inescapably to a contrary conclusion. Wright Tree Serv. v. Hernandez, 907 N.E.2d 183, 186 (Ind. Ct. App. 2009). Further, we may only consider errors in the Board's conclusions of law. Four Star Fabricators, Inc. v. Barrett, 638 N.E.2d 792, 794 (Ind. Ct. App. 1994).

A workers compensation claimant bears the burden to prove a right to compensation. May v. Ashley F. Ward, Inc., 952 N.E.2d 224, 227 (Ind. Ct. App. 2011). When the Board renders a negative judgment, as in the instant case, its decision need only be supported by findings related to the issue of proof, not the factual question presented by the particular case. In other words, the Board need not make findings demonstrating that a claimant is not entitled to benefits; rather, it must only determine that the claimant has failed to prove entitlement to benefits. Id.

## II. Larry's Claims

Mary, as Larry's personal representative, argues that the Board erred when it failed to find conclusively that Larry was exposed to asbestos pursuant to Indiana Code section 22-3-7-33. She also contends that the evidence did not support the Board's finding that Larry's unrebutted testimony was not credible.

The burden of proof to show every element of a claim to recover under the Occupational Diseases Act is on the employee. Ind. Code § 22-3-7-2(a). An "occupational disease" is a "disease arising out of and in the course of the employment." I.C. § 22-3-7-10(a). Larry was required to show both that 1) he suffered from an occupational disease, and that 2) his occupational disease arose "out of and in the course

of employment." See Schlechtweg v McQuay-Norris Mfg. Co., 116 Ind. App. 375, 64 N.E.2d 664, 667 (Ind. Ct. App. 1946) (holding that the burden rested upon appellant to establish that she had in fact contracted and was suffering from an occupational disease as defined by the statute); I.C. § 22-3-7-10.

While Mary argues that the Board erred when it failed to find conclusively that Larry was exposed to asbestos pursuant to Indiana Code section 22-3-7-33, she misinterprets the burden of proof Larry was required to carry. Indiana Code section 22-3-7-33 provides:

> An employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease when for any length of time, however short, he is employed in an occupation or process in which the hazard of the disease exists. The employer liable for the compensation provided for in this chapter shall be the employer in whose employment the employee was last exposed to the hazards of the occupational disease claimed upon regardless of the length of time of the last exposure.

Larry argues that the above language required the Board to find that he had been exposed to asbestos.

However, the Board acknowledged Larry's exposure to asbestos. It took note of Lilly's stipulation that, while Larry was employed with Lilly, many buildings owned by Lilly had asbestos-containing material installed in them. Appellant's App. p. 7. While the Board acknowledged Larry's exposure to asbestos, it found that, in order to prove that he had asbestosis, Larry had to prove that "the nature, extent, and duration of his airborne asbestos exposure was sufficient to cause asbestosis." Appellant's App. p. 10. Therefore, Larry's exposure to asbestos was not the issue; rather, the issue was whether

8

he had shown that his exposure to asbestos while working at Lilly had been to the nature, extent, and duration sufficient to cause asbestosis. In other words, Lilly's stipulation that some of its buildings contained asbestos did not relieve Larry of the burden to show that he was suffering from asbestosis. See Ind. Code. § 22-3-7-2(a) (providing that "proof by the employee of an element of a claim does not create a presumption in favor of the employee with regard to another element of the claim").

Mary also argues that the evidence did not support the Board's finding that Larry's unrebutted testimony was not credible. Notwithstanding this contention, it is evident from the record that Lilly provided an expert, Dr. Smith, to rebut the evidence presented by Larry, his expert, and his pulmonologist. The Board weighed the evidence before it. It did not find Larry to be a credible witness, and it found him to be an "inaccurate historian." Appellant's App. p. 10. It then determined that the evidence given by Larry's medical expert and pulmonologist was not credible because it was based on medical history provided by Larry, whose testimony revealed "multiple inconsistencies" that raised "genuine questions about the truth of [his] testimony regarding the nature, extent, and duration of the work he actually performed in an environment of airborne asbestos fibers." Id.

Mary's argument amounts to a request to judge the credibility of witnesses and reweigh the medical evidence before the Board. As it was the exclusive province of the Board, as the trier of fact, to weigh the evidence and decide questions of fact, we are not

9

permitted to substitute our judgment as to the weight of the evidence for that of the Board.  See Schlechtweg, 64 N.E.2d at 667.  Therefore, this argument fails.

The decision of the Board is affirmed.

KIRSCH, J., and ROBB, J., concur.