## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 15 2016, 7:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary T. Williams
Withered Burns, LLP
Lafayette, Indiana

Reid D. Murtaugh
Murtaugh Law
Lafeyette, Indiana

ATTORNEYS FOR APPELLEE

Thomas F. Cohen
Hunt Suedhoff Kalamaros LLP
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donnis Goodman,

*Appellant-Plaintiff,*

v.

Haan Crafts, LLC,

*Appellee-Defendant.*

June 15, 2016

Court of Appeals Case No.
93A02-1511-EX-2065

Appeal from the Worker's Compensation Board of Indiana

Linda P. Hamilton, Chairman

Application Number
C-204767

**Vaidik, Chief Judge.**

# Case Summary

[1] Donnis Goodman suffered a lumbar strain as a result of a work-related accident while she was employed by Haan Crafts. While she was being treated for the lumbar strain, Goodman was diagnosed with spondylolisthesis at L4-L5. Goodman claimed that the spondylolisthesis also resulted from her work-related injury, and Haan Crafts claimed that the spondylolisthesis was degenerative and not work-related. Unable to resolve this dispute after more than four years, the parties submitted the issue to a single hearing member of the Indiana Worker's Compensation Board. The single hearing member found that Goodman had not proven her spondylolisthesis was work-related and, as a result, denied her requests for compensation beyond what Haan Crafts had paid for her lumbar strain. The full Indiana Worker's Compensation Board (Board) affirmed the single hearing member's decision, and Goodman now appeals.

[2] In order to be compensable under the Worker's Compensation Act, an injury must arise out of employment. The Board's finding that Goodman's spondylolisthesis did not arise from her employment is supported by reports from three doctors and is fatal to her claim for additional worker's compensation benefits. Therefore, we affirm the Board's decision.

# Facts and Procedural History

[3] The facts most favorable to the Board's decision are as follows. Goodman was employed by Haan Crafts as a machine and silk-screen operator. In January

2010, she "sustained a work-related injury to her low back" while attempting to remove a large screen from a print table. Appellant's App. p. 5. Haan Crafts accepted Goodman's worker's compensation claim as compensable and authorized medical care through three physicians: Dr. William Bray, Dr. Erika Cottrell, and Dr. Robert Bigler (collectively "authorized physicians").

[4] Goodman initially sought treatment from Dr. Bray. He ordered an MRI, which showed Goodman had a disk bulge at L4-L5. However, he concluded that "[t]he MRI finding of a bulge does not constitute an acute finding, nor does it correlate very well with her various and changing lower extremity symptoms. I believe this to be an incidental finding[.]" Tr. p. 133. He indicated that the disk bulge was "non-work related" and reported that Goodman was at maximum medical improvement (MMI) for her work-related injury with no permanent partial impairment (PPI).[1]

[5] Goodman saw Dr. Cottrell twice in April 2010. Dr. Cottrell diagnosed Goodman with lumbar spondylolisthesis. She also noted that the disk bulge at L4-L5 "did not match up completely with [Goodman's] symptoms and that it generally does not happen with a pulling injury such as hers." *Id.* at 140. After discontinuing treatment, Dr. Cottrell conducted a review of Goodman's

---

[1] The phrase "maximum medical improvement" means that a worker has achieved the fullest reasonably expected recovery with respect to a work-related injury. *Perkins v. Jayco*, 905 N.E.2d 1085, 1088-89 (Ind. Ct. App. 2009). Once a worker's injury has stabilized to a permanent and quiescent state, temporary disability ceases, and the extent of permanent injury resulting in a degree of impairment (PPI) is determined pursuant to the schedules in Indiana Code section 22-3-3-10. *Id.*

medical records from the authorized physicians and concluded that Goodman was at MMI with no PPI.

[6] In May 2010, Goodman went to Dr. Bigler at Pain Care Center. He also indicated that Goodman's MRI did not match her symptoms and that her pain was more likely the result of a strain.[2] Dr. Bigler performed a translaminar epidural steroid injection on May 19, 2010, and released Goodman to return to work without restrictions on May 24, 2010.

[7] Haan Crafts stopped providing benefits when Dr. Bigler released Goodman to work without restrictions. On June 1, 2010, Goodman filed an Application for Adjustment of Claim with the Board seeking continued benefits.

[8] During the time that Goodman was being treated by the three authorized physicians, she was also being seen by Dr. Mario Brkaric without authorization from Haan Crafts. Appellant's App. p. 6. Dr. Brkaric also diagnosed Goodman with lumbar spondylolisthesis. However, unlike the three authorized physicians, shortly after Goodman filed her application for adjustment, he wrote a report stating that he felt "within reasonable medical certainty that her injury at work has caused and correlates with her symptoms." Tr. p. 50.

---

[2] Dr. Bigler's conclusions are taken from Dr. Cottrell's July 2010 record review. Goodman contends that it is impermissible to rely on Dr. Cottrell's record review for Dr. Bigler's conclusions because there is no report from Dr. Bigler containing the same information and entered into the record. We note that hearsay is admissible in worker's compensation hearings and may be relied upon by the Board, particularly where, as here, there was no objection to the hearsay evidence during the administrative proceeding. *Brown Tire Co. v. Underwriters Adjusting Co.*, 573 N.E.2d 901, 903 (Ind. Ct. App. 1991).

[9]     In August 2010, Goodman filed a request with the Board seeking further medical care with Dr. Brkaric and an independent medical examination (IME). After a hearing and review of the medical records from all four doctors, the Board denied Goodman's request.

[10]    Despite the denial, Goodman continued treatment with Dr. Brkaric. In July 2011, Goodman obtained Medicaid coverage, and Dr. Brkaric performed surgery to correct her spondylolisthesis at L4-L5. One year after the surgery, Goodman had a herniated disk at L3-L4 with nerve-root impingement. Dr. Brkaric surgically corrected that disk in August 2012. According to Goodman, her condition was worse after the two surgeries and she now must use a walker or a cane. On June 6, 2014, Dr. Brkaric prepared a report indicating that Goodman still rated her pain as 8/10. He concluded that she could not return to any type of work and gave a PPI rating of 15%.

[11]    In November 2014, after numerous continuances, a single hearing member of the Board conducted a hearing on Goodman's June 2010 application for adjustment of her claim. Goodman sought reimbursement of past and future medical expenses, a PPI rating, palliative care for the PPI, and permanent total disability.[3]

---

[3] It also appears that Goodman sought additional temporary total disability. However, she expressly waived any additional temporary total disability in her answers to sworn interrogatories. Tr. p. 173. Therefore, we do not address that request here.

[12] The single hearing member found that "[a]ny disability or impairment suffered by [Goodman] is the result of conditions unrelated to her work injury." Appellant's App. p. 7. Accordingly, the single hearing member concluded that Goodman was not entitled to compensation for her medical expenses, PPI, or total disability. The decision denied Goodman any benefits beyond what Haan Crafts had already paid for her lumbar strain. Goodman appealed to the full Board, which adopted the single hearing member's decision.

[13] Goodman now appeals the decision of the Board.[4]

# Discussion and Decision

[14] Goodman contends that the Board erred in determining that she is not entitled to any benefits, beyond those she already received for her lumbar strain, as a result of her January 2010 accident.[5] Goodman argues that the January 2010

---

[4]Haan Crafts cross-appeals, arguing that Goodman's petition for full-Board review was untimely and should have been dismissed. We do not reach Haan Crafts's cross-appeal because we affirm the Board's decision.

[5] Goodman also argues that the Board's findings are not sufficiently specific to permit meaningful review and, therefore, the order must be reversed and remanded. The Board has a general duty to issue findings that reveal its analysis of the evidence and that are specific enough to permit intelligent review of its decision. *Triplett v. USX Corp.*, 893 N.E.2d 1107, 1116 (Ind. Ct. App. 2008), *trans. denied*. When the Board denies compensation because the claimant has failed to sustain his burden of proof, the Board should designate which material element(s) of the claim the worker failed to prove, and "when the evidence is conflicting, the Board should delineate that evidence upon which its analysis and ultimate factual conclusion is based[.]" *Rork v. Szabo Foods*, 436 N.E.2d 64, 69 (Ind. 1982). Here, the Board made clear that Goodman failed to prove her spondylolisthesis was work-related—an essential element. As to the conflicting physician reports, the findings indicate that the Board relied upon evidence from the three authorized physicians to reach its conclusion. This is unlike *Smith v. Henry C. Smithers Roofing Co.*, 771 N.E.2d 1164 (Ind. Ct. App. 2002), where the Board did not indicate what evidence it relied upon in the findings. In *Smith*, this Court "reviewed over one thousand pages of evidence admitted at the hearing, including various depositions from Smith's treating physicians and Smith's medical records[,]" and was still unable to discern "which facts the hearing judge relied upon in reaching his decision." 771 N.E.2d at 1168. The problem in *Smith* does not exist here.

accident also caused her spondylolisthesis at L4-L5 and that the spondylolisthesis has resulted in a 15% PPI, as well as additional medical expenses and permanent total disability.

[15] The Indiana Worker's Compensation Act requires employers to provide their employees with "compensation for personal injury or death by accident arising out of and in the course of the employment . . . ." Ind. Code § 22-3-2-2(a). The parties dispute whether Goodman's injury arose out of her employment with Haan Crafts. An injury arises out of employment when there is a causal relationship between the employment and the injury, and a causal relationship exists when the injury would not have occurred in the absence of the accident. *Outlaw v. Erbrich Products Co.*, 777 N.E.2d 14, 25 (Ind. Ct. App. 2002), *trans. denied*.

[16] In evaluating the Board's decision, we employ a two-tiered review. *Triplett v. USX Corp.*, 893 N.E.2d 1107, 1116 (Ind. Ct. App. 2008), *trans. denied*. We first review the record to determine if there is any competent evidence of probative value to support the Board's findings and, second, we assess whether the findings are sufficient to support the decision. *Id.* Because this is an appeal from a negative decision, we will not disturb the Board's factual findings unless we conclude that the evidence is undisputed and leads inescapably to a contrary result. *Id.* We consider only the evidence that tends to support the Board's decision and any uncontradicted adverse evidence. *Id.* We will not reweigh the evidence or assess witness credibility. *Id.*

[17] The Board found that "[a]ny disability or impairment suffered by Goodman is the result of conditions unrelated to her work injury." Appellant's App. p. 7. This finding is supported by the parties' stipulation that all three authorized physicians found Goodman to be at MMI with no impairment and that she was able to return to work without restrictions. All three authorized physicians saw the disk bulge at L4-L5 in the MRI and concluded that it was an incidental finding, degenerative, not acute, or not related to the injury she sustained at work. This evidence sufficiently supports the Board's finding that Goodman's spondylolisthesis was not work-related.

[18] Nevertheless, Goodman argues that the three authorized physicians failed to state that her condition was not work-related with sufficient medical certainty to support the Board's finding. When a doctor's testimony falls short of "reasonable medical certainty," it cannot support a decision by itself. *Bertoch v. NBD Corp.*, 813 N.E.2d 1159, 1162 (Ind. 2004). However, the doctor's testimony can still be considered in conjunction with other relevant evidence. *Id.*

[19] Goodman points out that none of the authorized physicians used the words "reasonable medical certainty" in their reports concluding that her injury was not work-related, while Dr. Brkaric specifically used the words in his report concluding that it was work-related. Additionally, Dr. Cottrell expressly did not rule out the possibility that the disk bulge was work-related in her initial report.

[20] First, the fact that Dr. Brkaric used the words of the legal standard in his report does not make his conclusion unassailable by conflicting evidence. Likewise, the lack of a definitive conclusion from the authorized physicians does not prevent the Board from considering their reports in combination with all of the evidence. In considering the opinions of all four physicians, the Board gave greater weight to the opinions of the three authorized physicians than to Dr. Brkaric. While we will not reweigh the evidence, the record does show that all three authorized physicians ultimately indicated that they did not believe the disk bulge in Goodman's MRI was work-related, and Dr. Cottrell and Dr. Bray indicated this was likely a degenerative, as opposed to an acute, condition. That is sufficient evidence to support the Board's finding.

[21] Finally, Goodman argues that her case is similar to *Smith v. Henry C. Smithers Roofing Co.*, 771 N.E.2d 1164 (Ind. Ct. App. 2002), in that, if her spondylolisthesis at L4-L5 was a preexisting condition, then it was aggravated by the January 2010 accident, and Haan Crafts should still be liable. In *Smith*, the Board did not address the possibility that Smith's preexisting medical condition was aggravated by his work-related accident, despite the fact that "Smith's physicians indicated that the accident, while not the proximate cause of all of Smith's injuries, aggravated his pre-existing condition[.]" 771 N.E.2d at 1168. It is well established that a worker may be awarded compensation when a preexisting condition is aggravated by an accident which occurs during the performance of his regular work duties. *Ellis v. Hubbell Metals, Inc.*, 366 N.E.2d 207, 211 (Ind. Ct. App. 1977).

[22] However, Goodman failed to prove that her work-related injury aggravated her spondylolisthesis. Although Goodman argues that Dr. Bray "fails to report whether the work-injury aggravated the disk injury," Appellant's Br. p. 13, this is not sufficient to support a finding that it did—particularly where three doctors found the disk bulge to be unrelated to the work injury, found Goodman to be at MMI, and released her to return to work without restrictions.

[23] As for the first prong of our review, we find that there is competent evidence of probative value to support the Board's finding that "[a]ny disability or impairment suffered by Goodman is the result of conditions unrelated to her work injury." Turning to the second prong, the findings must be sufficient to support the Board's conclusion. Indiana Code section 22-3-2-2(a) requires that the injury must arise out of the employment for it to be compensable. Because the Board found that Goodman failed to prove her injury was work-related, she has not met the requirements to prove that her injury is compensable. Accordingly, Goodman has not proven she is entitled to additional benefits.

[24] Affirmed.

Barnes, J., and Mathias, J., concur.